NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDWARD J. MIERZWA and            :
PATRICIA A. MIERZWA,
                                 :
         Plaintiffs,
                                 :   Civil Action No. 04-721(JWB)
         v.
                                 :          **O P I N I O N**
CITY OF GARFIELD;
CITY OF FAIR LAWN;               :
CITY OF PEQUANNOCK;
ANTHONY BLACKFELD;               :
RICHARD URAM;
GRUBER & COLABELLA, P.C.;        :
HEADLANDS MORTGAGE COMPANY;
GLEN MATTIE;                     :
ROSE ANNE MERENDINO;
THOMAS J. MIERZWA;               :
JANE MIERZWA;
TODD MOSBY;                      :
PETERPAUL, CLARK & CORCORAN, PC;
RONALD SCHWARTZ, ESQ.;
ROBERT SHIKHMAN;                 :
TRACI SHIKHMAN;
JOHN DOE INSURANCE COMPANY;      :
STATE FARM INSURANCE COMPANY;
ESTATE OF JACOB TELESH;          :
VALLEY NATIONAL BANK;
JAMES B. ZANGARA;                :
UNITED STATES OF AMERICA, and
STATE OF NEW JERSEY,             :

         Defendants.             :

**APPEARANCES**:

    EDWARD J. MIERZWA, pro se
    51 Scudder Street
    Garfield, New Jersey 07026

```
PATRICIA A. MIERZWA, pro se
51 Scudder Street
Garfield, New Jersey 07026


PIRO, ZINNA, CIFELLI & PARIS
By:  David M. Paris, Esquire
360 Passaic Avenue
Nutley, New Jersey 07110
(Attorneys for Defendants
City of Garfield, Glen Mattie,
Rose Anne Merendino, Todd Mosby,
James B. Zangara, Anthony Blackfeld
and Richard Uram)

RICHARD A. LUSTGARTEN, ESQUIRE
8-01 Fair Lawn Avenue
P.O. Box 376
Fair Lawn, New Jersey  07410
(Attorney for Borough of Fair Lawn)

SCARINCI & HOLLENBECK
By:  Christine M. Vanek, Esquire
1100 Valley Brook Avenue
P.O. Box 790
Lyndhurst, New Jersey  07071
(Attorneys for Defendant
City of Pequannock)

WINDELS MARX LANE & MITTENDORF
By:  David F. Swerdlow, Esquire
104 Carnegie Center, Suite 201
Princeton, New Jersey 08540
(Attorneys for Defendant
State Farm Insurance Company)

CHRISTOPHER J. CHRISTIE
United States Attorney
By:  Susan handler-Menahem
     Assistant United States Attorney
Federal Building
970 Broad Street
Newark, New Jersey  07101
(Attorneys for Defendant
United States of America)

PETER C. HARVEY
Attorney General of New Jersey
```

```
By:  Edward H. Haas
     Deputy Attorney General
     Matthew A. Sapienza
     Deputy Attorney General
Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625-0112
(Attorney for Defendant
State of New Jersey)
```

**BISSELL**, Chief Judge

This action comes before the Court on motions by the Plaintiffs and motions to dismiss by Defendants the United States and the State of New Jersey.

### FACTS AND BACKGROUND

This case is brought by Plaintiffs Mr. Edward J. Mierzwa and his wife, Mrs. Patricia A. Mierzwa, against the United States of America, the State of New Jersey, the City of Garfield, the City of Pequannock, the City of Fair Lawn, as well as several other public and private defendants, pursuant to 42 U.S.C. § 1983. Plaintiffs filed this Complaint on October 27, 2004.

This case concerns events which occurred after the Plaintiffs filed an earlier lawsuit entitled Edward Mierzwa, et al. v. State of New Jersey, et al., Docket No. 2:04-cv-721 ("the '721 case"). On March 5, 2004, this Court entered an Order dismissing the claims against many of the defendants in the '721 case. Thereafter, the Court denied the Plaintiffs' motion for reconsideration. Plaintiff filed an interlocutory appeal of that Order with the United States Court of Appeals for the Third

Circuit. On September 23, 2004, the Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction. On December 27, 2004, this Court dismissed the remaining counts in the '721 case.

In this case, the Complaint refers to events beginning on February 19, 2004, the day after Plaintiffs filed the Complaint in the '721 case. Plaintiffs allege that defendants Robert, Saulius and Traci Shikhman "initiated chaotic police activity" on February 19, 2004. Compl., First Count, ¶ 2. The Shikhman's allegedly initiated this "chaotic police activity" in conjunction with Defendants City of Garfield, City of Fair Lawn, City of Pequannock and the State of New Jersey. See id. On that same date, the State of New Jersey and others allegedly "committed acts of gross negligence and outrageous conduct against Plaintiff(s)." Compl., First Count, ¶ 3.

Plaintiffs further allege that on October 29, 2004, Plaintiff Edward J. Mierzwa delivered a copy of the pleadings in the earlier case to the home of Defendant Saulius Shikhman. Compl., First Count, ¶ 16. On November 2, 2004, Defendants Shikhman, the State of New Jersey, and the City of Pequannock allegedly filed a notice in lieu of complaint citing Plaintiff for trespassing. Id. at ¶ 17.

In addition to the foregoing allegations, Plaintiffs seemingly allege misconduct against this Court as well as the Court of Appeals for the Third Circuit in connection with the

-4-

disposition of Plaintiffs' Complaint and subsequent appeal in the earlier case. See Compl., First Count, ¶¶ 1, 5, 7, 9-10, 12-15.

It should be noted that the Second Count of the Amended Complaint is a common law loss of consortium claim on behalf of Plaintiff Patricia A. Mierzwa.

On October 29, 2004, Plaintiffs filed a motion for change of venue.  Thereafter, on December 8, 2004, Plaintiffs filed a motion for default judgment against the Defendants.  On December 14, 2004, the State of New Jersey filed a motion to dismiss the Complaint and all cross claims.  On December 28, 2004, the United States of America filed a motion to dismiss for lack of jurisdiction.  These motions to dismiss will also be addressed.

## DISCUSSION

**I.  Standard for Motions for transfer of venue pursuant to 28 U.S.C. § 1404(a)**

In a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), the Court is guided by the following:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought.

28 U.S.C. § 1404(a).  Thus, the decision whether to transfer a given action is in the sound discretion of the trial court.

<u>Cadapult Graphic Sys. v. Tektronix, Inc.</u>, 98 F. Supp. 2d 560, 564 (D.N.J. 2000).

In this case, the Plaintiffs have not provided any reason for a change of venue. Therefore, this Court is not persuaded that a change of venue is appropriate. For that reason, Plaintiffs' motion is denied.

## II.  **Plaintiffs' Motion for Default Judgment**

Plaintiffs seek entry of default judgment against the Defendants pursuant to Fed. R. Civ. P. Rule 55(b)(2):

> If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any other matter, the court may conduct such hearings or order such references as it deems necessary . . . .

<u>Id.</u>

Default judgment may be entered without an evidentiary hearing if the plaintiff has presented to a court "definite figures contained in the documentary evidence or in detailed affidavits" which are an adequate substitute for live testimony. <u>See</u> <u>Transportes Aereos de Angola v. Jet Traders Investment Corp.</u>, 624 F. Supp. 264, 266 (D. Del. 1985) (citing <u>Dundee Cement Co. v. Howard Pipe & Concrete Products Inc.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983)). A court may also award such damages when the motion

for entry of default judgment specifies the amount requested and the defendant does not question that amount.  See id.  (citing United States v. DeFrantz, 708 F.2d 310, 312-13 (7th Cir. 1983); Southern General Ins. Co. v. O'Keefe, 275 F. Supp. 107, 109 (D. Md. 1967)).

In this case, no default has been entered, despite the fact that the Plaintiffs have requested the clerk to file a default against the Defendants.  Here, Plaintiffs have not provided any evidence or proof as to why a default or a default judgment should be entered against the Defendants.  Therefore, Plaintiffs' motion for a default judgment is denied.

### III. **Motion to Dismiss by the United States**

The United States is immune from suit and therefore its motion to dismiss must be granted.  The Supreme Court has stated:

> It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued · · ·, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.

United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Furthermore, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."  United States v. King, 395 U.S. 1, 4 (1969).  In the absence of clear congressional consent, then, "there is no jurisdiction ... in any ... court to entertain suits against the United States."  Sherwood, 312 U.S. at 587-588.

There is no evidence in this case of clear congressional consent to suit; therefore, this Court does not have jurisdiction to hear this case as against the United States. For that reason, the motion to dismiss by the United States is granted.

**IV.  Motion to Dismiss by the State of New Jersey**

The State of New Jersey moves to dismiss claims asserted against it principally on the argument that it is not a "person" as defined by 42 U.S.C. § 1983 and thereby not amenable to suit here. See New Jersey's Br. at 4. The Court agrees.[1]

Plaintiffs' procedural due process claims are apparently predicated on 42 U.S.C. § 1983. Section 1983 provides, in pertinent part, that "[e]very person who, under color of any statute . . . of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action in law . . . .

---

[1] The Court also agrees with the State of New Jersey's argument that the case should be dismissed based on Eleventh Amendment Immunity. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI (emphasis added). "Thus, under the Eleventh Amendment, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court." Bey v. Pennsylvania Dep't of Corrections, 98 F. Supp. 2d 650, 657 (E.D. Pa. 2000) (citing Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996)). For these reasons, Plaintiffs' claims against the State of New Jersey must be dismissed.

42 U.S.C. § 1983 (Emphasis added.).  The Supreme Court, in <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58 (1989), held, however, that a state or an official of a state is not a "person" within the meaning of 42 U.S.C. § 1983.  See <u>Will</u>, 491 U.S. at 71.  This Court has followed <u>Will</u>'s holding.  See <u>Jiminez v. New Jersey</u>, 245 F. Supp. 2d 584, 586 n.2 (D.N.J. 2003) ("Plaintiff's claims against the State of New Jersey and the New Jersey Division of State Police fail under § 1983.  The Supreme Court expressly held that the term 'person' in the statute does not include the state or state officials acting in their official capacity.").  Because Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law, (<u>see</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989) (citing <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)); <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)), the Court dismisses Plaintiffs' claims against the State of New Jersey as it is not a "person" under section 1983.  Furthermore, the Second Count of the Complaint must be dismissed because Patricia Mierzwa's claim of loss of consortium is predicted on Count One, which must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs' motion for change of venue is DENIED; and the Plaintiffs' motion for default judgment is DENIED.  Furthermore, the United States' motion to

dismiss is **GRANTED**.  The State of New Jersey's motion to dismiss is also **GRANTED**. All claims and crossclaims against those two Defendants are dismissed.

```
                              /s/    John W. Bissell
                                    JOHN W. BISSELL
                                      Chief Judge
                              United States District Court
```

DATED:  August 24, 2005